IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                        Plaintiff,

v.                                                        OPINION and ORDER

WAUPUN CORRECTIONAL INST.                       21-cv-759-jdp
EMPLOYEE ASSOCIATES,

                        Defendants.

---

Robert Pierre Kidd, appearing pro se, is an inmate at Waupun Correctional Institution. Kidd alleges that prison employees have responded to his seizures by handcuffing him and falsely charging him with rules infractions, resulting in him being placed in solitary confinement. Kidd also alleges that staff wrongfully deducted funds from his prison accounts. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Kidd's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Kidd cannot proceed with his claims because his complaint violates the Federal Rules of Civil Procedure. I will give him a chance to amend his complaint or split his claims into more than one lawsuit.

There are two fundamental problems with Kidd's complaint. First, it appears that he is trying to bring at least two sets of claims—one about prison officials' responses to his seizures

and another about their deductions of funds from his account—and there is no indication that the same defendants are responsible for both types of claims. Kidd's allegations violate Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Second, it is unclear exactly how many different sets of transactions are included in the current lawsuit because Kidd's allegations are too vague. Kidd doesn't explain how many individual incidents he is suing about, and he doesn't explain who is responsible for violating his rights. He names "Waupun Correctional Inst. Employee Associates" as defendants, but he needs to name separate individuals as defendants and explain what each of them did to violate his rights. If Kidd does not know the actual identities of those individuals, he should refer to these individuals as "John Doe No. 1," "John Doe No. 2," and so on.

I will give Kidd a short time to amend his allegations to state claims against individual defendants and to explain whether this case needs to be split into more than one lawsuit. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. Kidd should name all of the individuals he wishes to sue in the caption of the complaint, and then state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide. If Kidd's amended allegations make clear that he brings claims for more than one set of incidents, he should file a separate amended complaint for each set of incidents he

wishes to file a lawsuit about (keeping aware that he will owe a filing fee for each separate lawsuit), and he should leave out any allegations or defendants that he does not wish to be the subject of a lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rules of Civil Procedure 18 and 20.

2. Plaintiff may have until January 31, 2022, to submit a new complaint that complies with Rules 18 and 20.

Entered January 10, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge