IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

           Plaintiff,

v.                                                            OPINION and ORDER

WAUPUN CORRECTIONAL INST.                              21-cv-759-jdp
EMPLOYEE ASSOCIATES,

           Defendants.

---

    Robert Pierre Kidd, appearing pro se, is an inmate at Waupun Correctional Institution. I dismissed Kidd's original complaint after concluding that his allegations were too vague to state claims for relief and that it appeared that he was trying to bring at least two sets of claims that did not belong together in one lawsuit: one about prison officials' responses to his seizures and another about officials' deductions of funds from his prison trust fund account. Dkt. 17. I directed Kidd to submit an amended complaint better explaining his claims. *Id.*

    Kidd has filed a proposed amended complaint, Dkt. 33, that has pared his claims down to prison staff's responses to his seizures, but his allegations remain too vague to satisfy the pleading requirements in Federal Rule of Civil Procedure 8. He alleges that over the last 20 years, staff have accused him of faking seizures, and instead of responding to his seizures as a medical problem, they have used excessive force to restrain or punish him and have wrongfully charged him with breaking prison rules. But Kidd still doesn't explain how many individual incidents he is suing about, and he doesn't explain who is responsible for violating his rights. He now names two "John Doe" defendants and includes the Does' "associates" as defendants in his caption. He followed by filing two documents providing lists of people who appears to

want to name as defendants, along with dozens of pages of documents, including medical records and disciplinary reports. Dkts. 41 and 45.

It appears from these filings that Kidd means to say that there have been more than a dozen excessive force or false-conduct-report incidents involving his seizures over the last 20 years. For the most part, Kidd doesn't explain which of the dozens of the proposed defendants were involved in each specific event or who used excessive force against him. Although Kidd might be able to amend his complaint to state constitutional claims about many of the incidents at issue here, for now I will not allow him to proceed on individual sets of claims about each of those incidents all within this single lawsuit. At the time of some the events in question, the statute of limitations for a claim brought under 42 U.S.C. § 1983 in Wisconsin was six years. *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010), but most of the incidents that Kidd lists took place more than six years before he filed his complaint.

Kidd also fails to show that all of these incidents are connected enough to be considered one related series of occurrences under Federal Rule of Civil Procedure 20. If what Kidd means is that all of these incidents are related because prison leadership or medical staff have concluded that he is faking his seizures and have directed correctional officers to respond to them with force instead of medical treatment, he fails to state claims for relief under such a theory because he does not explain who issued those orders or when they were issued.

I will give Kidd a final chance to amend his complaint to fix these problems. He should file his new complaint on the court's complaint form, which I will have the clerk of court send him.

In drafting his amended complaint, Kidd should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a constitutional violation.

- Identify all of the individuals he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs, and treating each incident separately. He should state his allegations as if he were telling a story to someone who knows nothing about the events.

- Describe what relief he is seeking.

- Omit legal arguments other than explaining what types of claims he wishes to bring.

- Refrain from filing exhibits with his complaint, including medical records or disciplinary reports. All of the allegations relevant to Kidd's claims must be included in his complaint, so I will not consider information contained in attachments.

If Kidd files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not provide an amended complaint by the date below, this case will be closed for his failure to prosecute it.

In addition to his amended complaint and supplements, Kidd has filed a series of documents about a variety of matters, mostly about his continued insistence that prison officials have wrongly deducted funds from his account to pay the filing fee in this and other cases or to use for other purposes. As I have previously explained to him, this court generally will not interfere with state officials' decisions about how to deduct partial payments of his filing fees. And the court will not consider claims about the alleged deprivation of his funds in this lawsuit about prison officials' responses to his seizures. Kidd's task in this lawsuit is to file an amended complaint; none of his other requests raise issues that are appropriate for the court

to address. Until Kidd properly amends his complaint I will disregard any filing not directly relating to his amended complaint or his ability to file that submission.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd may have until December 26, 2022, to submit an amended complaint as directed in the opinion above.

2. The clerk of court is directed to send plaintiff a copy of the court's complaint form.

3. The remainder of plaintiff's motions are DENIED.

Entered December 5, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge