IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                Plaintiff,

v.                                                                                              OPINION and ORDER

DANIEL J. ARNOLD, JASON SCHMIDT,                                21-cv-759-jdp
AND MILTON A. LOYD,

                Defendants.

---

Robert Pierre Kidd, appearing without counsel, is proceeding on Eighth Amendment excessive force claims against defendant correctional officers who he says unnecessarily tased him when he was suffering through a seizure. Defendants move for summary judgment contending that Kidd failed to exhaust his administrative remedies. Dkt. 80. After the court gave Kidd a final chance to submit his summary judgment opposition, Dkt. 109, Kidd responded with a submission that I will consider to be his brief in opposition. Dkt. 113. Kidd does not dispute the facts of what occurred in grievance and disciplinary proceedings after his seizure. After considering those undisputed facts, I conclude that Kidd failed to exhaust his administrate remedies and I will dismiss the case.

BACKGROUND

The incidents at issue occurred on June 13, 2022. Kidd states that he had a series of seizures that day. Medical staff reported that his vitals were normal after the first two seizures. During Kidd's third seizure, defendant officers came to Kidd's cell to apply restraints on him. The officers say that Kidd thrashed and tried to bite them when they entered the cell; I take them to be saying that they believed that he was no longer suffering a seizure when this

happened. They say that they aimed a taser at him, but did not fire it, and eventually were able to take him to the Health Services Unit.

The officers filed a conduct report against Kidd for disobeying orders and disruptive conduct. Kidd signed a form waiving a hearing on the conduct report and accepting an uncontested disposition.

A few days later, Kidd filed an inmate grievance asking that "the tickets be dropped" and that he be released from segregation. Dkt. 82-8, at 8. The complaint examiner recommended dismissing the grievance because DOC regulations do not allow inmates to appeal disciplinary proceedings that they failed to directly contest. The recommendation of dismissal was accepted by the warden. Kidd did not appeal dismissal of the grievance.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. But inmates may not file a grievance "regarding . . . disciplinary actions" until they've exhausted the disciplinary appeal process

2

found in Wisconsin Administrative Code Chapter DOC 303. And even then, grievances are limited to procedural issues rather than the substance of the disciplinary action. Wis. Admin. Code § DOC 303.82(4). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants contend that Kidd didn't properly exhaust his administrative remedies with either his disciplinary proceeding or his ICRS grievance. By waiving his right to a hearing, Kidd lost his right to challenge his discipline through a disciplinary appeal. Wis. Admin. Code § DOC 303.78(5) ("An inmate may not appeal an uncontested major disposition to which he or she has agreed."). Thus it appears that he failed to exhaust each step of the disciplinary process. *See Nigl v. Meisner*, 805 F. App'x 431, 433 (7th Cir. 2020) ("[Plaintiff] chose to abandon available administrative remedies as a result of his decision to admit guilt and waive his rights.").

Kidd's summary judgment opposition brief is somewhat difficult to understand, but I take him to be saying that he signed the waiver while he was still disoriented from his seizures. If Kidd lacked the capacity to knowingly sign the waiver, that might be a reason to allow him further administrative remedies to undo that decision. The DOC regulations aren't clear about exactly how a prisoner could attempt to reopen a disciplinary conviction for that reason. But whether that might be by filing an appeal, filing an inmate grievance, or some other method, *see, e.g.*, § DOC 303.89 ("The warden may at any time initiate a review of the decision and disposition of a conduct report and act on it unilaterally."), the record is undisputed that Kidd

3

failed to raise this issue to DOC staff by any method. He did file a grievance days after his conviction, but in that grievance he didn't mention that he was incapacitated when he signed the waiver. Thus he failed to "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). And in any event he didn't exhaust this grievance by appealing the dismissal.

Although Kidd doesn't make this argument, the facts here don't convince me that he had to exhaust his disciplinary proceedings to meet the PLRA's exhaustion requirement. I have previously noted that claims of excessive force—like Kidd brings here—aren't inconsistent with pleading guilty to a disciplinary conviction and that the DOC disciplinary regulations "do[] not allow a prisoner to raise grievances in the context of the disciplinary proceedings simply because they are related to a conduct report." *Nelson v. Burns*, No. 16-cv-506-jdp, 2018 WL 801534, at *2 (W.D. Wis. Feb. 9, 2018); *see also LaBrec v. Walker*, No. 16-cv-774-jdp, 2017 WL 4174918, at *3 (W.D. Wis. Sept. 20, 2017) ("Because the disciplinary process cannot provide a remedy in that situation, it follows that the prisoner has exhausted the disciplinary process . . . ." (internal quotation omitted)). But even then, a prisoner must still attempt to exhaust the underlying excessive force claim by filing an ICRS grievance. Kidd did not do that. His ICRS grievance did not mention excessive force, and he didn't exhaust that grievance anyway.

Therefore, I will grant defendants' motion for summary judgment and dismiss the case. That dismissal is without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). I'm aware from previous cases that Kidd has had a longstanding issue with prison staff mistreating him during seizures. If he wants to file a lawsuit about that in the future, he'll need to first file

4

an ICRS grievance about that mistreatment. And if he disagrees with disciplinary charges against him, he needs to contest them.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 80, is GRANTED.
2. This case is DISMISSED without prejudice.
3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered March 12, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge