IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                Plaintiff,

v.                                                                    ORDER

DANIEL J. ARNOLD, JASON SCHMIDT,                   21-cv-759-jdp
AND MILTON A. LOYD,

                Defendants.

---

Robert Pierre Kidd, proceeding without counsel, alleges that correctional officers at Waupun Correctional Institution unnecessarily tased him when he was suffering through a seizure. I granted defendants' motion for summary judgment based on Kidd's failure to exhaust his administrative remedies regarding that incident, either through a disciplinary appeal or through the DOC's inmate grievance system. Dkt. 114.

Kidd has followed with a series of motions asking to reopen the case and for the court's assistance in recruiting him counsel. Dkt. 124; Dkt. 125; Dkt. 127; Dkt. 133; Dkt. 139; Dkt. 141; Dkt. 143. Only one of those motions to reopen, Dkt. 124, was filed within 28 days of the entry of judgment; I will consider that motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The rest I will consider as motions for relief from judgment under Federal Rule of Civil Procedure 60(b).

Kidd's motions to reopen don't meet either the Rule 59 or Rule 60 standards. He conclusorily states that he was incompetent to represent himself, and he submits several filings containing evidence in support of the merits of his underlying Eighth Amendment claims. But this case was resolved on exhaustion grounds, not the underlying merits. Kidd's filings in this and other cases have been somewhat unfocused, but he was capable of opposing the exhaustion

motion. The problem for Kidd was that the undisputed facts showed that he did not appeal his disciplinary conviction and that he did not file a grievance directly about the tasing incident even though he filed dozens of grievances while at Waupun Correctional Institution, including one within two weeks of the tasing incident asking for his disciplinary charges to be dropped. A lawyer wouldn't have meaningfully helped Kidd oppose the summary judgment motion or seek reconsideration now.

Kidd also conclusorily states that he "wasn't able to grieve any of the past incidents due to interference" and that counsel in another case involving Waupun prisoners has recently uncovered whistleblower testimony about disruption of the inmate grievance system. Dkt. 141 and Dkt. 142. But Kidd doesn't explain how that whistleblower testimony applies to the facts of his case, in which he conceded that he was able to file dozens of grievances at Waupun Correctional Institution. I will deny his motions to reopen the case. I will also deny his motions for the court's assistance in recruiting him counsel.

Kidd also requests that his initial partial payment of the filing fee be returned to him. Dkt. 128. I will deny that motion. Kidd will owe the remainder of the filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2).

ORDER

IT IS ORDERED that:

1. Plaintiff's motions to reopen the case, Dkt. 124; Dkt. 125; Dkt. 127; Dkt. 133; Dkt. 141, are DENIED.

2. Plaintiff's motions for the court's assistance in recruiting him counsel, Dkt. 139 and Dkt. 143, are DENIED.

3. Plaintiff's motion for refund, Dkt. 128, is DENIED.

4. Plaintiff's remaining motions are DENIED.

Entered January 23, 2025.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge